FILED: JANUARY 5, 2009
09CV19
JUDGE HART
MAGISTRATE JUDGE KEYS
CH

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALLISON HERRING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALLISON HERRING, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, GC SERVICES, LP, and alleging as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

## PARTIES

3.      Plaintiff, Allison Herring, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Wilmington, State of Illinois.

4.      At all relevant times herein, Defendant, GC Services, LP, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Toyota Motor Credit.

1

Case: 1:09-cv-00019 Document #: 1 Filed: 01/05/09 Page 2 of 4 PageID #:2


5.      Defendant is a corporation that has its principal place of business and its offices located in the State of Texas.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. GC SERVICES, LP

6.      In December of 2008, Plaintiff began receiving telephone calls from a representative of Defendant attempting to collect a debt allegedly owed to Toyota Motor Credit.

7.      In the initial conversation, Defendant tried to set up payments electronically and requested Plaintiff provide it with a check from a checking account.  Plaintiff advised Defendant that she had no open accounts at the time and her only bank account she had as a checking account was closed.

8.      When Plaintiff showed hesitation, Defendant stated the check would represent a "good faith showing to the creditor."  Plaintiff eventually agreed and provided Defendant with an old bank account number of a closed account.  Plaintiff iterated to Defendant that the account was not an open account and they should not try to draw money from it.

8.      Despite contact with Plaintiff, thereafter Defendant proceeded to contact Plaintiff's mother, father and mother-in-law to discuss the debt.

9.      In said conversation with Plaintiff's mother-in-law, Defendant stated Plaintiff would be "picked up and charged."

10.      In said conversation with Plaintiff's mother, Defendant stated that Plaintiff must call back by 7:00 p.m. as she owed a large sum of money.

11.      On December 16, 2008, Defendant left a message for Plaintiff stating it had a dishonored check from Plaintiff for $10,000 and Plaintiff must provide Defendant with the funds

2

by the following day, when in actuality, Defendant had attempted to make a withdraw from Plaintiff's closed bank account.

12.     In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

a.     Stated that the consumer owes any debt when it communicated with any person other than the consumer for the purpose of acquiring location information in violation of 15 U.S.C. § 1692b(2);

b.     Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consume reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. § 1692c(b);

c.     Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action in violation of 15 U.S.C. § 1692e(4);

d.     Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

e.     Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

f.     Used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

13.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALLISON HERRING, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00 for Plaintiff;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**ALLISON HERRING**


By:    s/Larry P. Smith
        Attorney for Plaintiff


Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com